Huntoon, appellant, *v.* LLOYD, respondent.

*An instrument interpreted and held on its face not to contain the terms of the contract in controversy.*—In the case at bar, the plaintiff and defendant entered into a verbal agreement, under which the plaintiff procured from the defendant and his co-owners, in his own name, but as the agent for defendant, a lease and deed in escrow to certain mining interests. The plaintiff claimed that the defendant had agreed to pay to him therefor one thousand dollars, and sued for said sum. The defendant claimed that he had agreed to pay plaintiff said sum, but not until a sale which he had been negotiating of said mines was consummated. The sale was never made. After procuring the lease and deed aforesaid, the plaintiff signed an instrument reciting, that in consideration of one dollar and an agreement on the part of the defendant to save him harmless, and to perform all that he had undertaken in the lease,

and to have the deed in escrow delivered, and to pay him one thousand dollars upon the delivery of said deed, that he would convey to defendant all interests to which he was entitled in the premises. *Held,* that this instrument, while it was admissible as an evidential fact to support the denial of the defendant, contains nothing to show for what the sum of one thousand dollars was to be paid, and is no contract in itself as to the payment of said sum.

*Irrelevant instructions should not be given.* — *Held,* that certain instructions, granted at the request of the defendant, while correct as propositions of law, should not have been given, inasmuch as they were based upon the theory that the instrument, heretofore referred to, was a contract touching the matter in litigation, and were therefore calculated to mislead the jury. *Held,* also, that an instruction asked by the plaintiff, to the effect that the said instrument was a mere declaration of trust, was properly refused as being irrelevant.

*Appeal from District Court, Silver Bow County.*

COLE & WHITEHILL, for the appellant.

The paper put in evidence is not an agreement; it is merely a declaration on the part of Huntoon that he holds the property in trust for Lloyd, and simply carries out the agreement which Huntoon swears was made between him and Lloyd, namely, that he, Huntoon, was to procure the title to the property in his own name for the use and benefit of Lloyd. To torture such a paper, which was signed by only one party, into an agreement, is to reverse the elementary definition given to the word "contract" or "agreement." Wharton on Contracts, sec. 1; *Utica etc. R. R. Co.* v. *Brinkerhoff,* 34 Am. Dec. 220, and note; *Menard* v. *Scudder,* 56 Am. Dec. 610, and note.

JOHN F. FORBIS, for the respondent.

Huntoon was the only party to the contract who was bound thereby, and his signature only was necessary. Lloyd only had a conditional right under the contract, and was not bound to do anything, or abstain from doing anything, by its provisions; consequently his signature was unnecessary. *Moffatt* v. *Laurie,* 80 Eng. Com. L., 15 Com. B. 582; *Campanari* v. *Woodburn,* 80 Eng.

Com. L., 15 Com. B. 400; *Moffatt* v. *Dickson,* 76 Eng.
Com. L., 13 Com. B. 543.

McCONNELL, C. J.   Verdict for the defendant, and a
motion for a new trial made and overruled.   An appeal
from the judgment, and order overruling the motion for
a new trial.

In this case the defendant below was the part owner
of the Pennsylvania, Johnston, and portions of the Little
Ida, Rob Roy, and Burnes lode mining claims, and em-
ployed the plaintiff to procure from the owners a lease
and deed in escrow of said claims.   There seems to have
been an opportunity to sell these properties for thirty-
five thousand dollars to some parties in California.
There were some nine owners, and the defendant, who
was willing to sell the claims for thirty-three thousand
dollars, was desirous of getting them bonded at some
figure less than thirty-five thousand dollars.   Hence he
employed the plaintiff, and agreed to pay him the differ-
ence between the sum he might get the properties bonded
for and thirty-five thousand dollars; but he was to hold
the claims in trust for the defendant.   This contract was
made about the 15th of December, 1886, and was not re-
duced to writing, at least at that time.   The plaintiff,
in pursuance of said contract, procured a lease for six
months, and a deed for said properties for the sum of
thirty-four thousand dollars, on the 13th of January,
1887.   Said deed was placed in escrow in the bank of
Hoge, Brownlee, & Co., in the city of Butte, with a
memorandum that it was to be delivered to plaintiff
upon the payment of thirty-four thousand dollars at any
time within six months.   The properties having been
bonded for thirty-four thousand dollars, it entitled the
plaintiff to one thousand dollars for his services.   There
is no controversy about the foregoing facts; but the con-
tention is as to whether the promise was made to pay

said sum for said services absolutely and uncondition-
ally, or upon the condition that the properties were sold
for thirty-five thousand dollars. It is agreed that the
claims were never sold as contemplated.

The plaintiff states the contract thus in his testimony:
"It was a square trade. There was nothing contingent
about it at all. Anything under thirty-five thousand
dollars that I could get that deed for, or get the property
bonded for, was to be my commissions." The defendant
states the contract as follows, to wit: "I told him I would
be willing to take myself at the rate of thirty-three thou-
sand dollars, but no less, and anything that he could
make it for under thirty-five thousand dollars should be
his, if there was a sale made of it. That was the only
agreement that I had with Huntoon, except this agree-
ment, exhibit 3. That embodied our agreement fully.
I never had any agreement with Huntoon other than is
contained in that agreement, exhibit 3." Said agree-
ment is as follows: "Whereas, by instrument in writing
of date January 13, 1886, David J. Lloyd and others did
lease to Isaac D. Huntoon the Pennsylvania, Johnston,
and portions of the Little Ida, Rob Roy, and Burnes
lode mining claims, and a certain tunnel right and
claim, all situated in Summit valley mining district,
Silver Bow County, Montana Territory, for the term of
six months, upon certain terms and conditions in said
instrument expressed, and did also make and acknowl-
edge and deposit in escrow with Hoge, Brownlee, & Co.,
at their banking house in Butte City, Montana Terri-
tory, a deed of same date, conveying to said Huntoon
the mining claims and property leased to him as above
mentioned, said deed to be delivered to said Huntoon
upon his paying or depositing in said banking house, to
the credit of said grantors and lessors, at any time within
six months from the date of said deed, the sum of thirty-
four thousand dollars, to which lease and deed reference

for particular description of property and terms and conditions and covenants of lease and sale is hereby made. Now, therefore, I, the said Isaac D. Huntoon, to whom the above-mentioned lease and deed were made, in consideration of the sum of one dollar to me paid, and of the promise and agreement of John E. Lloyd to undertake and perform the covenants and agreements on my part in said lease contained, without cost, expense, and liability to me, do hereby covenant and agree with and promise the said John E. Lloyd, his heirs, representatives, and assigns, that if he will perform and carry out without cost or expense to me each and all of the undertakings, covenants, and promises upon my part in the said lease contained and set forth, and hold and keep me free and clear of all liability or loss thereunder, and if he will pay or cause to be paid the sum of money above mentioned within the time above specified, which is required to be paid to entitle me to said deed in escrow, so that I shall have the right to receive said deed, and if he will, at the same time he pays or deposits said money to obtain said deed, also pay to me or deposit to my credit in said Hoge, Brownlee, & Co.'s banking house the sum of one thousand dollars (in addition to said sum of thirty-four thousand dollars, above mentioned, for the purchase of said property), I will at once make, execute, sign, seal, acknowledge, and deliver to such person or persons as said Lloyd shall direct or appoint a good and sufficient deed, which shall convey to him or them, free and clear of all encumbrances by me, all the title and interest conveyed to me, or which I am or shall be entitled to under said deed in escrow above mentioned, when the same shall be delivered to me. It is understood that nothing herein shall be taken or construed to release or impair said above-mentioned lease and conveyance in escrow to me, by reason of the said John E. Lloyd being one of the lessors and grantors in said lease and conveyance, the

said Lloyd only naving a right to a conveyance from me to himself, or such person as he may appoint, upon the terms above mentioned, and not being released by this instrument from said lease or obligation to convey as above set forth."

We have been thus particular to set out in this opinion the whole of the agreement, in order that the bearings of that portion which has reference to the suit under consideration may be correctly understood. It is contended by the appellant, who was the plaintiff below, that the court erred in giving the following instructions asked for by the defendant, to wit: " 3. If the contract between plaintiff and defendant was reduced to writing, and fully specified the conditions and terms upon which the said sum of one thousand dollars was to be paid, then oral or verbal testimony is not admissible to vary or contradict the terms of such written agreement; 4. There is no proof in this case that the deed from the several parties mentioned therein to the plaintiff herein was ever delivered, or that the conditions of the contract made in reference thereto were ever complied with; and if you find that the defendant was to pay one thousand dollars upon the fulfillment of the terms of said contract, and not otherwise, then you will find for the defendant; 5. If you find that the written agreement between the plaintiff and defendant herein in evidence was the only agreement entered into between them, then you will find for the defendant; there being no proof that the terms of such agreement as to the purchase of the property therein referred to has ever been performed."

It is also insisted that he erred in refusing to give instruction No. 2 asked for by the plaintiff. " You are instructed that the agreement offered in evidence, and signed by Isaac D. Huntoon, is a declaration of trust, and merely shows that the property held by Huntoon was in trust for Lloyd. This paper is not an agreement,

as it is only signed by Huntoon, and is simply a decla-
ration of trust."

Instructions 2, 3, and 5 are founded upon said agree-
ment, exhibit 3, and whether they are erroneous or not
depends upon the construction to be given to the fore-
going instrument, which is signed by the plaintiff, Hun-
toon, alone. A simple inspection of this paper shows
that is an agreement on the part of the plaintiff to con-
vey to the defendant the properties he had bonded, upon
certain conditions, and the manifest purpose of its exe-
cution was to put in writing the parol agreement previ-
ously made,—that while the plaintiff had taken the lease
and deed in his own name, he held them for the benefit
of the defendant, so that when the defendant should pay
the thirty-four thousand dollars, as the price of these
claims, and should perform the covenants of the lease,
he would be entitled to have the properties conveyed to
him, or to such other persons as he might designate.

The considerations of this agreement are the "sum of
one dollar to me paid, and of the promise and agreement
of John E. Lloyd to undertake and perform the cove-
nants and agreements on my part in said lease contained,
without expense and liability to me." The plaintiff
agrees for the above consideration as follows, to wit: "I
. . . . do hereby covenant and agree with and promise
the said John E. Lloyd, his heirs, representatives, and
assigns, that if he will perform and carry out, without
cost and expense to me, each and all of the undertakings,
covenants, and promises upon my part in said lease
contained and set forth, and hold and keep me free and
clear of all loss thereunder, and if he will pay or cause
to be paid the sum of money above mentioned within
the time above specified, which is required to be paid to
entitle me to receive said deed, and if he will, at the
same time when he pays or deposits said money to ob-
tain said deed, also pay me . . . . the sum of one thou-

sand dollars, . . . . I will at once make, execute, sign, seal, and deliver," etc.

The only reference in this instrument to the payment of the one thousand dollars is in the last paragraph just quoted. The plaintiff promises that he will make the conveyance provided for upon several conditions specified, and among them is the one, "if he will pay me the sum of one thousand dollars at the same time he pays the thirty-four thousand dollars." There is nothing to show what the one thousand dollars were to be paid for. It is not signed by defendant, who is to pay it. There is no statement that he had ever promised to pay it, nor is there any condition upon which it is to be paid; but the plaintiff reserves the right to have that sum paid before he will execute the deed. There is no intimation that the one thousand dollars were to be due upon the payment of the thirty-four thousand dollars. The mere recital that at the time when the thirty-four thousand dollars were paid this sum was to be paid to the plaintiff does not necessarily imply that it was not to be due until that time. This may be an evidential fact, in the nature of an admission, going to support the theory of the defendant, and may be admissible in evidence for that purpose alone; but it certainly is not a contract in itself. There are no parties to it, nor is there that concurrent assent of minds essential to a contract. Besides, this instrument was executed on the twentieth day of February, 1887, when the agreement made by the parties was fully executed on the part of the plaintiff on the 13th of the preceding month. We hold, then, instructions 3 and 5, *supra*, are erroneous and misleading. They are correct propositions of law in themselves; but being given upon the basis that the instrument, exhibit 3, was a contract touching the matter in litigation, they were calculated to mislead the jury into the belief that such was the case.

We think that instruction 4 was correctly given. It was directly on the point made by the defendant that he was not, under the contract, to pay the money until the properties were sold, and there was no proof that this had been done.

We think that the court did not err in refusing to give instruction 2 asked for by the plaintiff. This contract was wholly irrelevant to the matter in contention; hence it could not aid the jury to know whether it was a declaration in trust, or what it was. It was no contract as to how the services of plaintiff for procuring the deed in escrow and the lease were to be paid, and this was the precise and only point in contention. It is true that the defendant states in his testimony that "it embodied the terms of our agreement fully," and it was this statement that doubtless led the court to admit instructions 3 and 5; but it for the court to construe the instrument, and to say whether it contains a contract, and not for the witness; and if it does not contain one pertinent to the issue being tried, to refuse to give any instruction based upon the theory that it does.

Let the case be reversed and remanded for a new trial.

*Judgment reversed.*

McLEARY, J., and BACH, J., concur.